```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION


MAURICE WALKER,                 :
                                :
        Petitioner,             :   NO. 1:08-CV-580
                                :
     v.                         :
                                :   OPINION AND ORDER
WARDEN, CHILLICOTHE             :
CORRECTIONAL INSTITUTION,       :
                                :
        Respondent.             :
```

This matter is before the Court on the Magistrate Judge's December 1, 2009 Report and Recommendation (doc. 15), to which no objection was filed.

I.  **Background**

On December 23, 2002, petitioner entered guilty pleas in the Hamilton County Court of Common Pleas to one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1), with one attached firearm specification; one count of kidnapping in violation of Ohio Revised Code § 2911.02(A)(2), with one firearm specification; and one count of failure to comply with an order or signal of a police officer in violation of Ohio Revised Code § 2921.331(B) (Id.).  The state court sentenced Petitioner to terms of imprisonment totaling 14 years (Id.).  The terms consisted of two "mandatory" concurrent ten-year terms for the aggravated robbery and kidnapping offenses; a consecutive three-year term for the firearm specification attached to the aggravated robbery count; and a

consecutive one-year prison term for the failure-to-comply offense (Id.).

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising three assignments of error challenging his sentence (Id.). On December 12, 2003, the Ohio Court of Appeals overruled two of Petitioner's claims, but upheld one assignment of error challenging the imposition of "mandatory" sentences for aggravated robbery and kidnapping, and remanded the matter for re-sentencing without the term "mandatory" in the sentencing entry (Id.). On March 4, 2004, the trial court re-sentenced Petitioner to the same terms of imprisonment, omitting the reference to "mandatory" sentences imposed for aggravated robbery and kidnapping (Id.).

Petitioner timely appealed the re-sentencing entry to the Ohio Court of Appeals, First Appellate District, asserting two assignments of error:

1. The trial court erred to defendant's prejudice by imposing a consecutive sentence for failure to comply.

2. The trial court erred to defendant's prejudice by imposing maximum consecutive sentences without findings by a jury, or admissions by defendant, of the factors necessary to support those sentences [in violation of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004)] (Id.).

The Court of Appeals overruled Petitioner's Blakely claim

(Id.). However, the appellate court upheld the first assignment of error challenging the consecutive one-year sentence for the failure-to-comply offense because the trial court failed to follow a provision of Ohio's sentencing statute requiring that a sentence be "consistent with the purposes of sentencing and that Walker was not amenable to community control," before imposing a sentence for the violation (doc. 14). In accordance with the appellate court's ruling, the trial court re-sentenced Petitioner again, this time to a total of 13 years, with a concurrent two-year sentence of community control (doc 15).

Petitioner timely appealed the Ohio Court of Appeals' January 12, 2005 decision to the Supreme Court of Ohio, challenging the constitutionality, on denial of due process and trial by jury grounds, of the portion of Ohio's sentencing guidelines allowing judges, upon certain factual findings, to impose sentences beyond those otherwise permitted by a jury verdict or admission of the defendant (Id.). The Supreme Court of Ohio sua sponte ordered that the case be held for decisions in State v. Foster, 845 N.E.2d 470 (Ohio 2006), and several other cases (Id.).

In Foster, the Supreme Court of Ohio held portions of Ohio's sentencing statutes that required a judge, rather than a jury, to make findings of fact necessary for punishment, unconstitutional, and severed them from the rest of the sentencing statutes. State v. Foster, 845 N.E.2d 470 (Ohio 2006). This

3

holding was a response to Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), in which the United States Supreme Court held that similar statutes violated the Sixth Amendment right to a jury trial. Id. The Foster Court also directed that cases "on direct review" in which sentences were in violation of Foster must be remanded to trial courts for re-sentencing (Id.).

Upon rendering its decision in Foster, the Supreme Court of Ohio issued a Judgment Entry reversing the appellate court's judgment in the instant case and remanding the matter to the trial court for re-sentencing consistent with Foster (doc. 15). On February 19, 2005, the trial court re-sentenced petitioner to the same aggregate thirteen-year sentence imposed at the second re-sentencing hearing on February 9, 2005 (Id.).

Petitioner again appealed to the Ohio Court of Appeals, First Appellate District, claiming that imposing his sentence under Foster, rather than under the pre-Foster requirements of the Ohio Revised Code, violated the ex post facto and due process clauses of the United States and Ohio Constitutions, and that the sentence violated the rule of lenity, which discourages interpretation of a sentencing statute in a manner most favorable to the state and least advantageous to the affected defendants (Id.).

On April 18, 2007, the Court of Appeals overruled Petitioner's claims, and Petitioner appealed to the Supreme Court

4

of Ohio, who dismissed the appeal "as not involving any substantial constitutional question" (Id.). Petitioner filed the instant pro se Petition for a Writ of Habeas Corpus in August 2008 (Id.).

In the instant Petition, Petitioner challenges his sentence on three grounds: (1) that his sentence violates the United States Constitution's ex post facto clause because it was based on new sentencing standards that took effect during his appeals; (2) that the sentence is cruel and unusual punishment in violation of the Eighth Amendment, because it is disproportionate to and inconsistent with the sentence to which he was entitled under the sentencing guidelines that were in effect at the time he was originally sentenced, and (3) that the state court's failure to follow the rule of lenity in statutory interpretation violated his Fourteenth Amendment right to due process (doc. 1). After a thorough review of the facts and the law, the Magistrate Judge found that Petitioner's Petition should be denied (doc. 15).

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge first opined that Petitioner is not entitled to relief based on the claims alleged in grounds one and three, challenging the sentence under the ex post facto and due process clauses (Id.). The Magistrate Judge construed Petitioner's ex post facto and due process clause claims as claims, under Blakely, 542 U.S. 296, and Booker, 543 U.S. 220, of a violation of Petitioner's Sixth Amendment jury trial right (Id.).

5

The Magistrate Judge found Petitioner unable to prevail on any claim challenging the imposition of a consecutive sentence for the firearm specification under Blakely, Booker, and Foster, because the United States Supreme Court has held that consecutive sentencing decisions do not trigger Blakely concerns under the Sixth Amendment (doc. 15, citing Oregon v. Ice, 129 S.Ct. 711 (2009)).

As to Petitioner's ex post facto claim, the Magistrate Judge found that the retroactive application of Foster to cases pending on direct review does not violate the ex post facto clause because Foster did not change the elements of the offenses for which Petitioner was convicted, nor did it impact the range of penalties Petitioner faced; Foster only the procedure by which the Court should determine sentencing. (Id., citing Hooks v. Sheets, No. 1:07cv520, 2008 WL 4533693 (S.D. Ohio Oct. 3, 2008)(Beckwith, C.J.; Hogan, M.J.)(unpublished)).

Regarding Petitioner's due process claim, the Magistrate Judge found that a federal habeas court has no power to grant relief based on the rule of lenity because the rule of lenity is merely a canon of statutory construction, and "nothing in the federal constitution requires that states apply the rule of lenity when interpreting a state statute" (Id. citing Bowen v. Romanowski, No. Civ. 05-cv-72754-DT, 2005 WL 1838329 (E.D. Mich. Aug. 2, 2005) (unpublished)). Further, the Magistrate Judge cited multiple circuit court decisions holding that federal courts cannot vacate

6

a state conviction on lenity grounds unless the state criminal statute is unconstitutionally vague, or fails to give constitutionally required "fair notice" (doc. 15, citing, inter alia, Lurie v. Wittner, 228 F.3d 113 (2nd Cir. 2000). Petitioner has not argued that Ohio's sentencing statute is unconstitutionally vague, and, because Foster did not change the possible range of penalties Petitioner faced, the Magistrate Judge found that Petitioner could not prevail on a "fair notice" claim either (Id.).

Concerning Petitioner's claim that he was denied due process because the "necessary statutory findings were not made," the Magistrate Judge found that the "necessary findings" were made under the sentencing statute in effect when the sentencing court initially imposed the aggregate thirteen-year sentence in February 2003 and re-sentenced Petitioner for the first time on March 4, 2004. The Magistrate Judge noted that the Ohio Court of Appeals expressly ruled that, "the trial court made the requisite findings on the record" (Id.).

As for ground two of the Petition, the Magistrate Judge found that Petitioner waived his right to an Eighth Amendment "cruel and unusual punishment" claim because he did not raise any such claim in state court (Id.). Section 2254 of Title 28 of the United States Code requires state defendants with federal constitutional claims to present those claims to the state courts before raising them in a federal habeas corpus action (Id., citing Anderson v.

7

Harless, 459 U.S. 4 (1982)(per curiam); Picard v. Connor, 404 U.S. 270 (1971)). If a petitioner waives a constitutional claim due to a procedural default, he has waived the claims unless he can demonstrate either cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice" (Id., citing Coleman v. Thompson, 501 U.S. 722 (1991)).

The Magistrate Judge found neither a showing of cause for Petitioner's procedural default in failing to raise the Eighth Amendment claim in state court nor a showing of a fundamental miscarriage of justice (Id.). From this finding, the Magistrate Judge reasoned that Petitioner's Eighth Amendment claim was waived and thus barred from review (Id.).

**III. Discussion and Conclusion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct. The Court finds no basis to Petitioner's claims based on the ex post facto clause, the Fourteenth Amendment's due process clause, or the Eighth Amendment's prohibition against cruel and unusual punishment.

The Court further notes Petitioner filed no objection to the findings of the Magistrate Judge. Proper notice was provided to the parties under Title 28 U.S.C. § 636(b)(1)(C), including the

notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, for the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 15), and DENIES WITH PREJUDICE Petitioner's Petition for a Writ of Habeas Corpus (doc. 1). The Court further FINDS that a certificate of appealability should not issue with respect to Grounds One and Three because Petitioner has failed to make a substantial showing of the denial of a constitutional right or that the issues presented by Petitioner are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Nor should a certificate of appealability issue with respect to the claim alleged in Ground Two of the Petition, which this Court has concluded is waived and thus barred from review on procedural grounds, because under the two-part standard enunciated in Slack, 529 U.S. at 484-85, "jurists of reason" would not find it debatable as to whether the Court is correct in its procedural ruling.

Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in "good faith" and therefore the Court DENIES

Petitioner leave to appeal <u>in forma pauperis</u> upon a showing of financial necessity. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

    SO ORDERED.

Dated: January 28, 2010        <u>/s/ S. Arthur Spiegel</u>
                                        S. Arthur Spiegel
                                        United States Senior District Judge